UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DEBRA GIBSON | CIVIL ACTION |
| VERSUS | NO. 18-5949 |
| 21st CENTURY CENTENNIAL INSURANCE COMPANY | SECTION A(4) |

## ORDER AND REASONS

Before the Court is a **Motion to Remand to State Court (Rec. Doc. 6)** filed by Plaintiff Debra Gibson ("Gibson"). Defendant 21st Century Centennial Insurance Company ("21st Century") opposes the motion. (Rec. Doc. 7). The motion, set for submission on August 8, 2018, is before the Court on the briefs without oral argument. Having considered the motion and memoranda of counsel, the record, and the applicable law, the Court finds that Plaintiff's **Motion to Remand to State Court (Rec. Doc. 6)** is **GRANTED** for the reasons set forth below.

Plaintiff initiated this suit in state court seeking damages for her personal injuries allegedly sustained in an automobile accident. Plaintiff alleges that on or about April 7, 2016, she was involved in an accident with an uninsured motorist while traveling on Earhart Boulevard in New Orleans, Louisiana. Thereafter, on March 29, 2018, Plaintiff filed a Petition for Damages against her uninsured motorist carrier, Defendant 21st Century in Civil District Court for the Parish of Orleans, Louisiana. On June 15, 2018, Defendant removed the action to this Court alleging subject-matter jurisdiction under 28 U.S.C. § 1332—diversity jurisdiction. Plaintiff now moves for this Court to remand this matter back to state court contending that Defendant has not met its burden as to the jurisdictional amount in controversy.

It is well-established that the party invoking the jurisdiction of federal courts has the burden of proving that the exercise of such jurisdiction is proper. *St. Paul Reinsurance Co., Ltd. v. Greenburg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (citing *Gaitor v. Peninsular & Occid. S.S. Co.*, 287 F.2d 252, 253–54 (5th Cir. 1961)). Any doubt regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction and in favor of remand. *Acuna v. Brown & Root, Inc.,* 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988)).

In *Luckett v. Delta Airlines, Inc.*, the Fifth Circuit summarized the analytical framework for determining whether the amount in controversy requirement is met in cases removed from Louisiana state courts where specific allegations as to damage quantum are not allowed. 171 F.3d 295, 298 (5th Cir. 1999). In such cases, the removing defendant, as the party invoking jurisdiction in a federal court, bears the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00. *Id.* (citing *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)). As the Fifth Circuit explained:

> The defendant may make this showing in either of two ways: (1) by demonstrating that it is "facially apparent" that the claims are likely above $75,000, or (2) by setting forth the facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount.

*Id.* (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)); *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000).

To meet its burden, Defendant points out that "Plaintiff's Petition for Damages does not offer a binding stipulation that [P]laintiff will not seek to enforce any judgment that may be awarded in excess of $75,000.00, as would be required pursuant to *Davis v. State Farm*, No. 06-560, [2006 WL 1581272, at *1] (E.D. La. June 7, 2006)." (Rec. Doc. 1, p. 2–3, ¶ 7) (citations omitted). Defendant additionally notes that in response to Defendant's Requests for Admissions,

2

Plaintiff denied Defendant's request that "[P]laintiff . . . remit or waive the excess of any judgment rendered in state court above $75,000.00, exclusive of interest and costs." *Id.* at p. 3, ¶ 8.

To meet its burden, Defendant only shows that Plaintiff would not enter into a binding stipulation to renounce her right to a judgment in excess of $75,000.00. The law requires more than a showing that Plaintiff would not stipulate to $75,00.00 for a defendant to meet its initial burden. Removal cannot be based simply upon conclusory allegations. *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

First, Defendant has not referred to the Plaintiff's Petition for Damages to make a "facially apparent" showing that the amount in controversy exceeds $75,000.00 Where a district court must make a "facially apparent" determination, "the proper procedure is to look only at the face of the complaint and ask whether the amount in controversy was likely to exceed [$75,000.00]." *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326 (1995). Defendant has failed to meet its burden under the "facially apparent" inquiry.

According to the very case that Defendant cites, *Mitchell v. Amica Mut. Ins. Co.*, defendants must do more than point to state law that might allow a plaintiff to recover more than the jurisdictional amount; the defendant *must submit evidence* that the actual amount in controversy exceeds $75,000.00. No. 14-2766, 2015 WL 1608670, at *1, *3 (E.D. La. Apr. 10, 2015) (emphasis added). The United States Supreme Court decided that defendants do not need to attach evidence supporting the alleged amount in controversy to the notice of removal. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014). Interpreting that decision, the Fifth Circuit has stated in dicta that "[t]hat has long been our approach. *Dart Cherokee* also explained, however, that once the notice of removal's asserted amount is 'challenged,' the parties must submit proof and the court decides by a preponderance of the

3

evidence, whether the amount-in-controversy requirement has been satisfied." *Mitchell*, at *3 n. 43 (citing *Statin v. Deutsche Bank Nat. Trust. Co.*, 599 Fed.App'x. 545 (5th Cir. 2014)).

Here, the Notice of Removal's amount in controversy allegation has been "challenged." Besides re-iterating that Plaintiff refused to stipulate to damages below $75,000.00, Defendant fails to submit any proof that the amount in controversy exceeds $75,000.00. On the other hand, Plaintiff provides a letter from her counsel to Defense counsel implying that the amount in controversy appears to be less than $75,000.00. (Rec. Doc. 6-5) (providing a calculation of damages and stating, *inter alia*, "I believe the amount in dispute does not exceed $75,000.").

On its face, Plaintiff's Petition for Damages does not support the jurisdiction amount. Defendant does not allege or aver additional facts in support of federal jurisdiction. Therefore, this Court lacks subject matter jurisdiction.

Accordingly;

IT IS ORDERED that Plaintiff's **Motion to Remand to State Court (Rec. Doc. 6)** is **GRANTED**;

IT IS FURTHER ORDERED that this case is **REMANDED** to the Civil District Court for the Parish of Orleans, State of Louisiana.

August 10, 2018

JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE